UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRY BUMGARDNER,

    Plaintiff,

v.                                                                                                          Case No:   6:12-cv-18-Orl-31TBS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff Harry Bumgardner filed this action on January 5, 2012, seeking judicial review of a final decision by Defendant the Commissioner of Social Security, denying his claim for benefits under the Social Security Act.  (Doc. 1).  The Court ruled in Plaintiff's favor and on February 20, 2013, judgment was entered reversing and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.  (Doc. 22).

On May 21, 2013, Plaintiff filed his petition for attorney fees and costs.  (Doc. 23). The petition stated, wrongly, that the Commissioner did not object to the relief requested. (Doc. 23-1 at 4).  Based on this representation, and after independent review, I recommended that the Court grant the motion.  (Doc. 24).  On May 29, 2013, counsel for Plaintiff informed the Court that she had made a mistake and that in fact, the Commissioner opposed the motion and intended to file a response.  (Doc. 25).  Plaintiff simultaneously filed a motion to substitute a corrected motion for fees and costs.  (Docs. 25-26).  The Court granted the motion to substitute, struck Plaintiff's original motion, and

vacated the report and recommendation. (Doc. 27). For reasons unknown to me, there was no further record activity in the case until September 23, 2014, when the Court received a letter from Plaintiff's counsel advising that the substituted motion for attorney fees and costs was fully briefed and awaiting a decision.[1] (Doc. 30). Following receipt of the letter, the substituted motion was referred to me for a report and recommendation.

Plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 26). Subject to limitations that do not apply here, the EAJA provides that a party that prevails in court against the United States may be awarded fees if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Eligibility for an award of attorney fees requires proof that: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

The Commissioner concedes the first four EAJA requirements but argues that there is a "special circumstance" that warrants a reduction in the hourly rate for one of Plaintiff's attorneys, Daniel S. Jones. (Doc. 28 at 4). Mr. Jones and his co-counsel, Stacey B. DeVeaux are with the Law Offices Harry J. Binder and Charles E. Binder, P.C. (Doc. 1). Ms. DeVeaux is Plaintiff's attorney of record; Mr. Jones' name first appeared in the record when Plaintiff filed his petition for fees.

Stacey B. Deveaux is a graduate of the Florida State University College of Law

---

[1] The letter refers, incorrectly, to the "unopposed motion." (Doc. 30).

and has been admitted to practice in Florida since 2001.  (Doc. 23-2, ¶ 2).  She is admitted to the bar of this Court and since July 2002, has worked exclusively on Social Security disability cases.  (Id.).  The Commissioner has no objection to the 2.1 billable hours or $184.25 per hour rate (a total of $386.92) claimed for Ms. Deveaux.  (Doc. 28).

Mr. Jones was admitted to the New Jersey bar in November 2010 and the New York state bar in February 2011. (Id., ¶ 4). He practices exclusively in the area of federal court appeals of Social Security disability claims.  (Id.).  It appears from counsels' time records that Mr. Jones wrote Plaintiff's brief and his petition for EAJA fees.  (Doc. 23-2 at 3).  He worked 25.2 hours for which reimbursement is sought at the rate of $184.25 per hour.  (Doc. 23, ¶ 6).  The Commissioner does not object to Mr. Jones' hours, but does object to his rate because he is not a member of the bar of this Court, and he did not seek admission *pro hac vice*.  Under the circumstances, the Commissioner recommends that Mr. Jones' time be compensated at the customary rate in this district for paralegals. This is not the only case in which Mr. Jones has provided legal services in this district without having first gained admission to the Court's bar.  According to the Commissioner, Mr. Jones performed work in at least five Middle District of Florida cases in 2013.  (Doc. 28, at 4).

Middle District of Florida Rule 2.01(a) states that "[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court)."  Only members in good standing of The Florida Bar are eligible for general admission to the bar of this Court.  M.D. FLA. R. 2.01(b).  An attorney who is not resident in Florida but who is a member in good standing of the bar of any United States District Court outside Florida may appear specially, so long as the privilege is not abused.

- 3 -

M.D. FLA. R. 2.02(a). Abuse occurs when a non-resident attorney appears "in separate cases to such a degree as to constitute the maintenance of a regular practice of law in Florida." Id. When appearing as counsel, a specially admitted attorney must file a "written designation and consent-to-act on the part of some member of the bar of this Court, resident in Florida, upon whom all notices and papers may be served and who will be responsible for the progress of the case, including the trial in default of the non-resident attorney." Id. Mr. Jones did not comply with these local rules.

The district courts have statutory authority to promulgate rules governing who may practice before them. See 28 U.S.C. § 1654. District judges "may regulate practice in any manner consistent with" federal law, the Federal Rules of Civil Procedure, and the district's local rules. FED. R. CIV. P. 83(a). And, the "federal courts are accorded certain inherent powers" which they use "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Sahyers v. Prugh, Holliday & Karatinos, P.L., 560 F.3d 1241, 1244 (11th Cir. 2009) (quotation marks omitted). "A federal court may wield its inherent power over the lawyers who practice before it." Id.

In Riggins v. Astrue, Case No. 3:09-cv-856-J-TEM, 2011 WL 2119338 (M.D. Fla. May 27, 2011), United States Magistrate Judge Thomas E. Morris was confronted with a fact pattern similar to the one facing this Court. Judge Morris expressed concern that attorneys who were not admitted to practice in the Middle District of Florida, and who were not disclosed until the fee application was submitted, were attempting to practice law in this district without first seeking admission to the Florida Bar or *pro hac vice* admission. Id. at *3. He concluded that because the attorneys were not admitted to practice in the Middle District of Florida, they should be compensated as paralegals at the rate of $75 per hour. Id.

- 4 -

Less than six months later, the Eleventh Circuit issued its unpublished decision in Abdelgalel v. U.S. Atty. Gen., 443 F. App'x. 458 (11th Cir. 2011).[2] In Abdelgalel, suit was initiated in the Southern District of Alabama and then transferred to the Middle District of Florida. Plaintiff's Alabama lawyer, who was not admitted to practice in this district, continued to represent plaintiff, including by signing pleadings filed in this Court. United States District Judge Harvey E. Schlesinger told the Alabama lawyer that if he was going to continue to represent the plaintiff he would have to obtain general or special admittance to practice in the Middle District. The lawyer continued to represent his client without seeking admission to practice in this Court. At the end of the case, when the Alabama lawyer filed his application for EAJA fees, Judge Schlesinger found that the lawyer had violated M.D. FLA. R. 2.01 and 2.02 and struck the lawyer's application for EAJA fees with prejudice. The Eleventh Circuit affirmed and found that "[n]othing in the language of the EAJA suggests that Congress intended to abrogate the district court's traditional inherent powers to enforce its local rules and court orders, to control admission to its bar and to discipline attorneys who appear before it." Id., at 463. The Eleventh Circuit also noted that its action did not unfairly punish the plaintiff because "[a]lthough the district court awards the EAJA fees to the litigants, their attorneys are the 'real parties in interest.'" Id. (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002)).

The Fourth Circuit reached a contrary result in Priestly v. Astrue, 651 F.3d 410 (4th Cir. 2011). The facts of the case are more egregious than the present case because in Priestly, the lawyers had provided legal services in more than fifty cases in the district, and had been warned that admission to the court's bar was required. Id., at 428, 436.

---

[2] "Unpublished decisions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

A divided court held that "the use of nonadmitted lawyers for brief writing services does not present a 'special circumstance' sufficient to deny a fee award as 'unjust' under the EAJA."  Id., at 413.  The majority also said, without citation to any authority, that the district court's local rules governing the practice of law is a matter separate from the requirements of the EAJA, that the mattes should not be "mixed," and that the district court's local rules could be enforced independent of the EAJA.  Id., at 416.  Still, the majority concluded that it was within the trial court's discretion to compensate the unadmitted lawyers at a rate no "less that the rate traditionally used for summer associates, paralegals, and other nonattorneys performing legal work."  Id., at 419.  The dissent argued that the EAJA is grounded in equity, and that unadmitted counsel came before the court with unclean hands.  Id., at 432-33.  According to the dissent, the case presented the type of injustice the doctrine of unclean hands was intended to prevent and to which the special circumstances exception in the EAJA applies.  Id., at 433.

I find that the approach taken in Riggins is the best way to resolve this situation.  Reduction of counsel's hourly rate to that of a paralegal is an appropriate sanction to preserve the integrity of this Court's local rules while still allowing compensation for legal work that was competently performed.  The Commissioner recommends a rate of $75 per hour which I find to be within the reasonable range for work performed by paralegals in this district.  Accordingly, I recommend the Court award Plaintiff a total of $1,890 (25.2 hours x $75 per hour) for the work done by Mr. Jones.

Plaintiff seeks an additional 2.3 hours of attorney time at $184.25 per hour for reviewing and responding to the Commissioner's memorandum in opposition to the amended petition for fees and costs.  (Doc. 29 at 4).  I recommend that this request be granted and that the Court award Plaintiff an additional $423.77 based upon 2.3 hours of

attorney time at $184.25 per hour.

Plaintiff seeks an award of $350 in costs for the filing fee which is a recoverable cost item. The Commissioner does not object so long as the money is clearly labeled as a "cost" pursuant to 28 U.S.C. § 1920. (Doc. 28, n. 1). This matters because costs are payable through the United States General Accounting Office while attorney fees and expenses are paid out of agency funds. (Id.).

The final issue is who the EAJA fees awarded by the Court should be paid to. Although counsel is the real party in interest, EAJA fee belongs to the claimant, not the claimant's attorney. Astrue v. Ratliff, 560 U.S. 586, 592 (2010). This means EAJA fees are subject to offset to satisfy any pre-existing debt owed by the claimant to the United States. Id. The fee agreement between Plaintiff and the Binder firm contains an assignment by Plaintiff of his interest in any EAJA fee that is recovered to the law firm. (Doc. 23-3 at 1). The Commissioner requests, and Plaintiff does not object, to the inclusion of the following language in the Court's Order:

> After the Court grants Plaintiff's request for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government. If Plaintiff does not owe any such debt, the Commissioner will accept Plaintiff's Assignment of EAJA fees and will the fees directly to Plaintiff's counsel.

(Doc. 28 at 9). This language protects the government's right of offset and I recommend the Court include it in its Order.

Accordingly, I respectfully recommend that the Court:

(1) Grant in part and deny in part Plaintiff's Amended Petition for Attorney's Fees under the Equal Access to Justice Act (Doc. 26);

(2) Award Plaintiff $386.92 in attorney fees for the work performed by Stacey B. Deveaux; $1,890 for the work performed by Daniel S. Jones; and $423.77 for the work on

Plaintiff's reply, making a total of $2,700.69 to be paid out of the judgment fund;

(3) Award Plaintiff $350 in costs to be paid through the United States General Accounting Office.

(4) That the Court's Order provide:

> After the Court grants Plaintiff's request for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government. If Plaintiff does not owe any such debt, the Commissioner will accept Plaintiff's Assignment of EAJA fees and will the fees directly to Plaintiff's counsel.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 2, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Counsel of Record